IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOMINICK S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 3:20-cv-03473-E-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Dominick S.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 4). For the reasons explained below, the District Court should AFFIRM the Commissioner's decision.

## Background

Plaintiff alleges that he is disabled due to a variety of impairments, including diabetes, depression, neuropathy, high blood pressure, high cholesterol, and

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

arthritis in his knees, hands, and feet. Admin. R. 172 (ECF No. 15-1). He was born in 1964 and was 55 years old on his alleged disability onset. *Id.* at 24, 146. Plaintiff has a limited education and can communicate in English. *Id.* at 24, 171, 173. Plaintiff has past work experience as an executive chef. *Id.* at 24, 173.

On January 28, 2019, Plaintiff applied to Social Security for disability insurance benefits. *Id.* at 15. After his application was denied initially and upon reconsideration by the Commissioner, Plaintiff requested a hearing before an administrative law judge (ALJ) to determine whether he is disabled. *Id.* The hearing took place in Dallas, Texas, on May 28, 2020. *Id.*

The ALJ determined that Plaintiff was not disabled and therefore not entitled to benefits. *Id.* at 25. At step one of the five-step sequential evaluation,[2] the ALJ found Plaintiff has not engaged in substantial gainful activity since January 16, 2019, the alleged onset date. *Id.* at 17. At steps two and three, the ALJ

---

[2] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

found Plaintiff had severe impairments of depression and anxiety and non-severe impairments of obesity, diabetes mellitus, hyperlipidemia, and hypertension with insignificant neuropathy, diabetic retinopathy, and kidney failure. *Id.* Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 20. At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but is limited to understanding, remembering, and carrying out detailed but not complex instructions. *Id.* at 22. At step five, relying on the testimony of a vocational expert (VE), the ALJ also found that Plaintiff could work as a janitor, kitchen helper, and laundry worker—jobs that exist in significant numbers in the national economy. *Id.* at 25.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 4. The Council denied review. *Id.* Plaintiff then filed this action in federal district court, in which he contends the ALJ erred in finding him not disabled.

## Legal Standards

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation and internal quotation marks omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation

3

omitted); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)) (citation and internal quotation marks omitted)).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support his decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Plaintiff argues the ALJ failed to apply the proper legal standards and that substantial evidence does not support the ALJ's denial of benefits. Specifically, the ALJ failed to properly weigh a psychological consultative examination performed by Julie Duncan, Ph.D., and failed to include Plaintiff's limitations concerning his ability to concentrate, persist, and maintain pace in his RFC. Pl.'s Br. 4 (ECF No. 17).

According to Plaintiff, Duncan's report stated Plaintiff would struggle to concentrate, persist, and maintain pace with regard to focusing his attention on work activities and staying on task at a sustained rate. Pl.'s Br. 9. And, although the ALJ recognized Dr. Duncan's opinion as "persuasive," the ALJ improperly rejected Dr. Duncan's opinion because the ALJ did not incorporate an appropriate non-exertional limitation into Plaintiff's RFC. *Id.* Plaintiff contends "if Dr.

4

Duncan's opinions that the Plaintiff would struggle to concentrate, persist[,] and maintain pace with regard to focusing attention to work activities and stay on task at a sustained rate were persuasive, then the opinions should have been incorporated into the found RFC." *Id.* But the Court finds that the ALJ adequately incorporated Dr. Duncan's opinion into the RFC determination.

      The ALJ's RFC finding does not have to mirror a medical opinion. The ALJ bears the "sole responsibility for determining the [plaintiff's] disability status." *Thibodeaux v. Astrue*, 324 F. App'x 440, 443 (5th Cir. 2009) (citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). "Determining a [plaintiff's RFC] is the ALJ's responsibility, and [the ALJ] has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007) (per curiam). When considering medical opinions, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 404.1520c(a); *Stephens v. Saul*, 2020 WL 7122860, at *5 (N.D. Tex. Dec. 4, 2020) (citation omitted); *accord Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (citation omitted).

      Here, the ALJ issued a thorough and well-reasoned decision that properly considered and accounted for Dr. Duncan's opinion. The ALJ accurately described Dr. Duncan's opinion in detail and explained how Dr. Duncan's opinion, which was consistent with other medical record evidence, supported the RFC determination. Admin. R. 18, 23. In particular, the ALJ explained:

> Consultative examiner, Julie Duncan, Ph.D., found [Plaintiff] to have the ability to understand, remember and apply information. [Plaintiff] had the abilities to learn, recall, and use information to perform work activities. Dr. Duncan felt [Plaintiff] could carry out tasks with one or two step oral instructions and use reason and judgment to make work-related decisions.
>
> She felt [Plaintiff] had the ability to relate to and work with supervisors, coworkers, and the public. Dr. Duncan noted that [Plaintiff] might struggle to concentrate, persist[,] and maintain pace with the abilities to focus attention to work activities and stay on a task at a sustained rate. Dr. Duncan noted that [Plaintiff] could adapt and manage himself.
>
> The [ALJ] finds this opinion persuasive. It supports moderate limitations in concentration, persistence[,] and pace.

Admin. R. 23-24.

The ALJ's decision which finds Plaintiff has a "moderate limitation" with regard to concentrating, persisting, or maintaining pace and limits Plaintiff's RFC to "understand[ing], remember[ing], and carry[ing] out detailed, but not complex, tasks and instructions" clearly accounts for Dr. Duncan's opinion. *See id.* at 22. Indeed, other courts have found that limiting a plaintiff to the ability to carry out "detailed but not complex tasks" is consistent with an ALJ's determination that a plaintiff had moderate limitations with regard to concentrating, persisting, or maintaining pace. *See Mary C.R. v. Kijakazi*, 2021 WL 4476764, at *6 (N.D. Tex. Sept. 30, 2021) (Rutherford, J.) (cases collected); *see also Jones v. Saul*, 2021 WL 2895867, at *1, 5 (N.D. Tex. July 9, 2021) (Ray, J.) (affirming a mental RFC when ALJ determined plaintiff had "moderate limitation with regard to concentrating, persisting, or maintaining pace" and the RFC permitted "detailed, but not complex

6

tasks"); *McDaniel v. Saul*, 2020 WL 7687128, at *1, 3 (N.D. Tex. Oct. 23, 2020) (Ray, J.) (same), *rec. adopted*, 2020 WL 7395382 (N.D. Tex. Dec. 17, 2020) (Pittman, J.).

Plaintiff further contends the ALJ failed to explain her consideration of the supportability and consistency factors when discussing Dr. Duncan's medical opinions. Pl.'s Br. 9. The ALJ must explain the persuasiveness of medical opinions.[3] 20 C.F.R. § 404.1520c(b). To determine the persuasiveness of each medical opinion, the ALJ considers supportability, consistency, relationship with the plaintiff,[4] specialization, and other factors that tend to support or contradict a medical opinion. *Id.* § 404.1520c(c)(1)-(5). The most important factors are supportability and consistency. *Id.* § 404.1520c(b)(2).

An ALJ will discuss how he considered the supportability and consistency factors for a medical source's medical opinions in his determination or decision.[5] *Id.* "[T]here is little authority discussing what an ALJ must do to adequately 'explain' supportability and consistency or what happens when those discussions

---

[3] When a medical source provides multiple medical opinions, the ALJ will articulate how he "considered the medical opinions . . . from that medical source together in a single analysis using the factors," but he is not required to articulate how he considered each medical opinion from one medical source individually. *Id.* § 404.1520c(b)(1).
[4] When the ALJ determines the medical professional's relationship with the plaintiff, the ALJ considers length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of treatment relationship, and examining relationship. 20 C.F.R. § 404.1520c(c)(3).
[5] The ALJ may, but is not required to, explain how he considered the remaining factors. *Id.* § 404.1520c(b)(2)

are missing." *Hubbard v. Comm'r of Soc. Sec.*, 2022 WL 196297, at *3 (N.D. Tex. Jan. 21, 2022) (Ray, J.) (citation omitted). Also, "[g]enerally, there are no formalistic rules governing how an ALJ must articulate his decision." *Id.* (citing *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994)). Nor is perfection the benchmark in administrative proceedings. *Id.* (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). At a minimum, the ALJ's discussion must give enough reasons to permit meaningful judicial review. *Id.* (citation omitted).

Here, the ALJ sufficiently discussed the supportability and consistency of Dr. Duncan's opinion with the other evidence to permit this Court's meaningful judicial review. The ALJ's narrative explanation for the moderate limitation on Plaintiff's concentration, persistence, and pace describes how the limitation is supported by and consistent with Plaintiff's own reports of his inability to complete tasks timely and appropriately, as well as other evidence of his poor ability to concentrate and focus. Admin. R. 21, 23. The ALJ also noted that Dr. Duncan's opinion is supported by and consistent with his "essentially normal mental status examinations" and "conservative" mental health treatment. *Id.* at 23. Finally, the ALJ observed that Dr. Duncan's opinion is similar to other opinions by state agency medical consultants that Plaintiff can carry out "detailed, non-complex instructions." *Id.* The ALJ's finding that Dr. Duncan's opinion was persuasive due to its consistency and supportability permits judicial review. Accordingly, the ALJ's RFC is supported by substantial evidence and the ALJ properly weighed and considered Dr. Duncan's opinion.

## Recommendation

Because the ALJ applied the correct legal standards, and substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the Court should AFFIRM the hearing decision in all respects.

**SO RECOMMENDED.**

May 12, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).